IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| LOUIS MARTINEZ,<br><br>    Petitioner<br><br>v.<br><br>BOBBI JO SALAMON,<br><br>    Respondent | Case No. 1:21-cv-181 Erie<br><br>RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION AND<br>ORDER ON RESPONDENT'S MOTION<br>TO DISMISS [ECF No. 6] |

I.    Introduction

Petitioner Louis Martinez, an inmate incarcerated at the State Correctional Institution at Rockview (SCI-Rockview), initiated this action on July 14, 2021, by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF No. 1. Petitioner is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Erie County in CP-25-CR-2157-2009 and CP-25-CR-2159-2009, following his guilty plea to one count of Aggravated Indecent Assault of a Child and one count of Indecent Assault of a Person Less than 13 Years of Age. ECF No. 3 at 3; ECF No. 6 ¶ 1.

On October 10, 2021, Respondents filed the instant motion to dismiss in lieu of an answer. ECF No. 6. Respondents raise two defenses: that the petition is untimely, and that Petitioner's claims have been procedurally defaulted. *Id*. Petitioner did not file a response to Respondents' motion. As such, this matter is ripe for adjudication.[1]

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

1

II.     Analysis

     A.  Timeliness

Respondents first contend that the amended petition is untimely under AEDPA, which generally requires a state prisoner to file a federal habeas petition within one year after his or her conviction becomes final. 28 U.S.C. § 2244(d); *Thompson v. Adm'r N.J. State Prison*, 701 Fed. Appx. 118, 121 (3d Cir. 2017). A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *see also* 28 U.S.C. § 2244(d)(1)(A). However, the filing of a post-conviction relief petition may statutorily toll (i.e., suspend) the running of the one-year habeas limitations period. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger date" for the one-year limitations period pursuant to section 2244(d)(1). *See Caldwell v. Mahally, et al.*, 5741706, *5 (W.D. Pa. Nov. 5, 2019). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). *Id*. Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented. *Id*.

Turning first to the "trigger date," the trial court sentenced Petitioner on March 3, 2010. ECF No. 6 ¶ 2. Petitioner did not file either a post-sentence motion or a direct appeal. *Id*. As a

consequence, the one-year AEDPA clock began to run on April 3, 2010, upon the expiration of the 30-day period in which Petitioner could have sought direct review in the Pennsylvania Superior Court pursuant to Pennsylvania Rule of Appellate Procedure 903(c)(3). *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); 28 U.S.C. § 2244(d)(1)(A). Unless he can demonstrate that he is entitled to statutory or equitable tolling, the statute of limitations for Petitioner to file a timely habeas petition expired on April 3, 2011.

On April 10, 2019 – over eight years after the expiration of the AEDPA limitations period – Petitioner filed a *nunc pro tunc* petition pursuant to the Pennsylvania Post Conviction Relief Act, 42 Pa. C. S. A. § 9545, et seq. ("PCRA petition"). ECF No. 6 ¶ 4. The PCRA court denied Petitioner's petition on July 19, 2019, concluding that Petitioner's claims were "not cognizable and/or meritless and/or contradicted by the record." *Id.* ¶ 8.

Petitioner filed a second PCRA petition on March 9, 2020. *Id.* ¶ 10. The PCRA court denied Petitioner's second PCRA petition as untimely on April 1, 2020. *Id.* ¶¶ 10-11. Petitioner did not appeal.

As noted above, Section 2244(d)(2) provides that the one-year limitations period is tolled during the pendency of a "properly filed" state post-conviction proceeding. Here, however, each of the PCRA petitions filed by Petitioner was dismissed as untimely. As such, neither can be considered a "properly filed" petition for purposes of tolling AEDPA's statutory limitations period. *See Merritt v. Blaine*, 326 F.3d 157, 165 (3d Cir. 2003) ("[A]n untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition."). In the absence of tolling, the statute of limitations for Petitioner to file a timely federal habeas petition expired on April 3, 2011. His petition, filed on July 14, 2021, missed that mark by over ten years.

      B. Equitable tolling

Before dismissing the petition as untimely, the Court must consider whether AEDPA's statute of limitations should be equitably tolled. *See Robinson v. Johnson*, 313 F.3d 128, 134 (3d Cir. 2002), *cert. denied*, 540 U.S. 826 (2003) (citing *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 617-618 (3d Cir. 1998) (citation omitted)). To receive the benefit of equitable tolling, Petitioner must demonstrate that he: (1) pursued his rights diligently, and (2) extraordinary circumstances prevented him from filing a timely petition. *Holland*, 560 U.S. at 649. Petitioner bears a "strong burden to show specific facts" supporting equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Because Petitioner did not respond to Respondents' motion to dismiss, he has not made any explicit attempt to meet this burden. The Court notes, however, that Petitioner consistently avers throughout his Petition that he does not speak English and that his court-appointed counsel consistently refused to advocate on his behalf or to file requested appeals. *See*, *generally*, ECF No. 3 at 6-8. Petitioner also states, in conclusory fashion, that he has "been denied access to the court regarding all said and more to the date of this 2254 petition." *Id*. at 8.

Even if the circumstances described above, either individually or in the aggregate, could be characterized as sufficiently "extraordinary" to have prevented Petitioner from filing a timely petition, he has failed to establish that he pursued his rights diligently. As noted by the Court of Appeals for the Third Circuit, "a finding that attorney malfeasance is an extraordinary circumstance, without more, is not sufficient to warrant equitable tolling." *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Rather, the petitioner must also demonstrate that he exercised "due diligence in pursuing the matter under the specific circumstances he faced." *Id*. (citing

4

*Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003)). Here, Petitioner has not offered any explanation for the ten-year delay in filing his Petition or described any steps he took to diligently pursue his federal claims during that period. His failure to explain his lack of diligence is particularly damaging given the extraordinary length of time since his AEDPA clock expired. *See*, *e.g*, *Schlueter*, 384 F.3d at 77; *LaCava v. Kyler*, 398 F.3d 271, 277-78 (3d Cir. 2005) (unexplained 21-month delay before petitioner took steps to determine the status of his appeal belied a finding of due diligence); *Satterfield v. Johnson*, 434 F.3d 185, 196 (3d Cir. 2006) (separate delays of nearly one year and eight months demonstrated that petitioner did not exercise diligence in pursuing his petition). Based on the foregoing, the Court finds no basis for equitable tolling.

        C.  Actual innocence

In a final attempt to escape the preclusive effect of AEDPA's time-bar, Petitioner appears to raise a claim of actual innocence, asserting that his "unconstitutional infirm convictions and imposed illegal sentences can never become final in any manner upon the illegalities or the legally infirm, dead, fatally defective, unamendable criminal indictments that the prosecution never exposed, disclosed, or corrected." ECF No. 3 at 37. He maintains, accordingly, that "no statute of limitations appl[ies] to bar Petitioner's present emergency 2254 petition from being heard and granted unconditional writ of habeas corpus on." *Id*.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the United States Supreme Court recognized an "actual innocence" gateway to federal habeas review whereby "a convincing showing of actual innocence enables habeas petitioners to overcome a procedural bar to consideration of the merits of their constitutional claims." *See McQuiggin v. Perkins*, 569 U.S. 383 (2013) (citing *Schlup*, 513 U.S. 298). In *McQuiggin v. Perkins*, the Court held that the actual innocence gateway exception applied to AEDPA's one-year statute of limitations. *Id*. (holding that "actual

innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.").

To satisfy this standard, "a petitioner must (1) present new, reliable evidence of his innocence; and (2) show by a preponderance of the evidence that it is more likely than not that no reasonable juror would have convicted him (i.e., a reasonable juror would have reasonable doubt about his guilt) in light of the new evidence." *Wallace v. Mahanoy*, 2 F.4th 133, 151 (3d Cir. 2021) (citing *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018). In this context, actual innocence refers to factual innocence, not legal insufficiency. *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citation omitted). This standard is demanding because, as explained in in *McQuiggin*, "tenable actual-innocence gateway pleas are rare." *McQuiggin*, 569 U.S. at 386. *See also Wallace*, 2 F.4th at 151 (noting that the actual innocence standard "is demanding and will be satisfied only in rare and extraordinary cases where the evidence of innocence is so strong that it undermines confidence in the trial's outcome").

For actual innocence purposes, "new" evidence includes both newly discovered evidence as well as exculpatory evidence that counsel failed to discover or present at trial. *Reeves*, 897 F.3d at 163–64 ("[W]hen a petitioner asserts ineffective assistance of counsel based on counsel's failure to discover or present to the fact-finder the very exculpatory evidence that demonstrates his actual innocence, such evidence constitutes new evidence for purposes of the *Schlup* actual innocence gateway."). Typically, "new reliable evidence" consists of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Although there is no diligence requirement, a court may consider "how the timing of the habeas petition bears on the probable reliability of the 'new'

evidence," *Wallace*, 2 F.4th at 151, "as well as the circumstances surrounding the evidence and any supporting corroboration." *Reeves*, 897 F.3d at 160.

To the extent that he is relying on actual innocence as a gateway to merits review, Petitioner has failed to make any effort to corroborate his conclusory averment that his conviction was "unconstitutional[ly] infirm and . . . illegal." ECF No. 3 at 37.  Petitioner has not identified any reliable, newly discovered evidence to support his claim of innocence, much less "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.  Nor has he presented any facts "that undermine[] the trial evidence pointing to the identity of the perpetrator and the motive for the crime." *Reeves v. Fayette SCI*, 897 F.3d 154, 160 (3d Cir. 2018) (quoting *Goldblum v. Klem*, 510 F.3d 204, 233 (3d Cir. 2007)) (internal quotations and alterations omitted).  Because Petitioner has failed to sustain his burden of presenting reliable exculpatory evidence demonstrating his actual innocence, he cannot rely on the actual innocence gateway to escape AEDPA's procedural bar.

      D.  Summary

In short, Petitioner has failed to present any specific facts supporting the application of equitable tolling or the actual innocence gateway to merits review.  As a result, federal review of each of the grounds for relief raised in Petitioner's § 2254 petition is barred by AEDPA's one-year statute of limitations.  Moreover, because Respondents' timeliness defense is clearly dispositive, the Court need not consider whether Petitioner's claims are also procedurally defaulted.

    III.    Certificate of Appealability

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the Court concludes that jurists of reason would not find it debatable whether Petitioner's claims are barred by AEDPA's statute of limitations. Accordingly, a certificate of appealability will be denied.

IV.  Conclusion

For the reasons stated herein, Respondent's motion to dismiss [ECF No. 6] is GRANTED. Because Petitioner did not file his § 2254 petition within the one-year AEDPA limitations period and no tolling or other exceptions apply, his petition is dismissed with prejudice, and no certificate of appealability should issue. The Clerk is directed to mark this case closed.

_____
RICHARD A. LANZILLO
United States Magistrate Judge

Dated: April 11, 2022